UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants. | Civil Action No. 1:22-cv-03345<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

Pending before the Court is plaintiff John Doe's Motion to File Under Seal and proceed pseudonymously, which explains that "in the name of Justice, the Claimant [ ] wish that his name be Seal[ed] from the records of the Court." Pl.'s Mot. File Under Seal ("Pl.'s Mot.") at 1, ECF No. 2. Plaintiff's underlying action here is purportedly a petition to confirm an arbitration award against the United States and other governmental defendants. *See* Pl.'s Mot. to Confirm Arb. Award, ECF No. 1. Both motions are denied, without prejudice, because plaintiff has failed to support the motion in any meaningful way.

First up is plaintiff's request to seal this case. "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Center, Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). The six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), courts should consider in determining whether that presumption may be overcome include:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure,

1

and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings."

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)).  In "motions to seal or unseal judicial records, the *Hubbard* test has consistently served as our lodestar because it ensures that we fully account for the various public and private interests at stake," *id.* at 666, but the plaintiff's one-sentence motion provides no discussion of the relevant *Hubbard* factors as to the instant complaint.  Any renewed motion must address these factors.

Plaintiff's motion to proceed pseudonymously fails for the same reason.  Generally, a complaint must state the names of the parties and address of the plaintiff.  Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); Fed. R. Civ. P. 11(a) (requiring "[e]very pleading, written motion and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings."  *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name and other filings may be redacted

to protect privacy by limiting public access. *See, e.g.,* FED. R. CIV. P. 5.2 (a)(1)–(4) (requiring, "[u]nless court orders otherwise," use of only initials for minors, only partial birthdates, social-security, taxpayer-identification and financial account numbers); FED. R. CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id*. (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238). Plaintiff's failure to address any of these five factors from *In re Sealed Case* in his motion means that his request to proceed pseudonymously must be denied.

Accordingly, it is hereby

**ORDERED** that the plaintiff's Motion to File Under Seal and Proceed Anonymously is **DENIED** without prejudice; and it is further

**ORDERED** the plaintiff refile his motion to seal and proceed anonymously by November 15, 2022, addressing the six factors outlined in *Hubbard* and the five factors from *In re Sealed Case*, as discussed above; it is further

**ORDERED** that if plaintiff does not file a new motion to seal and proceed anonymously by November 15, 2022, the Clerk of Court shall strike plaintiff's Motion to Confirm the Arbitration Award on the docket and not refile the Motion unless plaintiff wishes to proceed with filing the Motion on the public docket.

Date: November 8, 2022

_____
BERYL A. HOWELL
Chief Judge