# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE<br><br>      PLAINTIFF,<br><br>V.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>UNITED STATES ATTORNEY GENERAL MERRICK B. GARLAND, AT UNITED STATES DEPARTMENT OF JUSTICE<br><br><br>      RESPONDENT(S)<br><br>**(Additional parties names listed below)** | Civil Action No.: 1:22-cv-03345<br><br>RE: MEMORANDUM RESPONSE |



## MOTION TO REBUTTAL THE MEMORANDUM AND ORDER:

**THIS MATTER BEFORE THE COURT** First, let me say it is an honor as well as distinguish privilege to be before this Honorable body, in particular to address certain issues associated with the right of access to the court as well as to Justice and it is my hope to dispense with such an unnecessary delay, please pardon my layperson communication. It is asked that the court construe this motion and petition format and contextually so as to afford equal access as prescribed in law.

On the issue of having the name of a party spilled from public record specifically referring to a request for arbitration award confirmation, it is not unusual, the courts seal parties' names from the public record on occasion to protect private interests:

The court issued an order denying petition to file under seal. The court advised The Petitioner **that a document filed in camera, opposed to one filed under seal**, is viewed only by the court but may not be viewed by other parties or the public. Documents filed under seal, on the other hand, can be viewed by the court and other parties, but not by the public. The court then set out the standard for sealing documents, instructing petitioner that if they seek to keep documents filed in connection with a dispositive motion under seal, they must demonstrate compelling reasons that outweigh the general history of public access to documents. The court also apprised the petitioner that it would not agree to allow the petitioner to proceed with a dispositive motion that relied on evidence the opposing party was not permitted to review by filing the documents in camera.

Documents that are filed "under seal" are available to both parties and to the Court, but not to the public at large. Documents that are filed "ex parte" are not required to be served on the opposing party and do not appear on the public docket sheet but are not sealed. Documents that are filed "ex parte under seal" are only available to the filing party and to the Court. A motion to seal may not be filed ex parte, as it is essential to give notice to the public (and to the opposing party) of a party's motion to seal. See Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

1

## Compelling reasons for the file under seal or in camera:

The United States of America, et al, when involved in an arbitration agreement is not construed as sovereign for the sake of the 11th amendment, per the Government engagement and commercial business doctrine.

Courts have indeed indicated that the commercial activity exception will ordinarily be applied where a sovereign engages in a transaction for profit. See, e.g. De Letelier v. Republic of Chile, 748 F.2d 790, 797 (2d Cir. 1984) (in determining whether an activity is commercial, "[t]he court must inquire whether the activity is of the type an individual would customarily carry on for profit"), cert. denied, 471 U.S. 1125, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985); International Association of Machinists and Aerospace Workers v. Organization of Petroleum Exporting Countries, 649 F.2d 1354, 1357 (9th Cir. 1981) ("[u]nder the FSIA a commercial activity is one which an individual might `customarily carr[y] on for profit'" (quoting H.R.Rep. No. 94-1487, 94th Cong., 2d Sess. 16, reprinted in 1976 U.S.Code Cong. Admin.News 6604, 6615)), cert. denied, 454 U.S. 1163, 102 S.Ct. 1036, 71 L.Ed.2d 319 (1982).

To engage in arbitration, there must be conduct, actions, acts, performances, and/or forbearances documenting the parties intention, and "The Federal Arbitration Act requires the arbitration of disputes "involving interstate commerce" where the parties have agreed to do so through a contractual arbitration clause. 9 U.S.C. § 2. The Court must examine arbitration language in a contract in light of "the strong federal policy in favor of arbitration, resolving any doubts as to the parties' intentions in favor of arbitration." Hurley v. Deutsche Bank Trust Co. Americas, 610 F.3d 334, 338 (6th Cir. 2010) (citing Albert M. Higley Co. v. N/S Corp., 445 F.3d 861, 863 (6th Cir. 2006))." and, "The Arbitration is governed by the Federal Arbitration Act ("FAA"), which applies to transactions within the scope of Congress' power under the Commerce Clause of the United States Constitution. Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 56 (2003) ... within the scope of the FAA. See 9 U.S.C. § 1 (defining "commerce"); Allied-Bruce Terminix Companies v. Dobson, 513 U.S. 265, 273-74 (1995) (FAA's application to transactions "involving commerce" is broad and the "functional equivalent of 'affecting'" commerce)."

As noted, by engaging in commercial activity the United States of America willfully abandons its sovereign capacity and is to be treated as any other ordinary corporation: "actions." As to whether Congress intended to limit suits to contracts and exclude torts, we quote from the opinion (306 U.S. 381, 395) as follows: "To assume that Congress in subjecting these recently created governmental corporations to suit meant to enmesh them in these procedural entanglements, would do violence to Congressional purpose. When it chose to do so, Congress knew well enough how to restrict its consent to suits sounding only in contract, even with all the controversies in recondite procedural learning that this might entail. It ought not to be assumed that when Congress consented `to suit' without qualification, the effect is the same as though it

2

had written `in suits on contract, express or implied, in cases not sounding in tort.' No such distinction was made by Congress, and no such interpolation into statutes has been made in cases affecting government corporations incorporated under State law or that of the District of Columbia." In Pennell v. Homeowners Loan Corporation, 21 F. Supp. 497, it was expressly held that this defendant was subject to an action sounding in tort. The court said: "When the United States enters into commercial business it abandons its sovereign capacity and should be treated like any other corporation." Supporting this holding see Herman v. Home Owners Loan Cor., 120 N. J. L. 437 (200 A. 742) (affirmed, 122 N. J. L. 94, 4 A.2d, 281); Schiff v. Home Owners Loan Cor., 168 Misc. 498 (5 N. Y. Supp. 2d, 298); Gillen v. Home Owners Loan Cor., 255 App. Div. 631 ( 8 N. Y. Supp. 2d, 945). In the Gillen case the reasoning of the Georgia decisions was followed, and it was said that since the corporation in managing and leasing property was not acting solely as an agency of the government, but such acts were duties essentially private and proprietary, it became liable in tort."

The actions of the United States in the agreement was done in part and associated directly with the first Civil Rights Act of 1866 under the "release-dismissal" provisions of the act and the Government's right to contract as delineated in Perry v. United States (1935).

## Issues of national security:

The matters requested to be under seal not only as a result of the privacy of the agreement between the parties, and any agreement to have the matter sealed so as to not infringe upon another party's reputation, and/or image, and/or privacy, which is why the arbitrator place the matter under seal.

However, it is to be noted, that the court must recognize the national security issues presented here, and to protect those interests, it would appear best to have the matter considered either in camera or under seal. Please, further note, that there is no public interest in matters of privacy and the party's rights thereto: "Relations Auth. v. United States Dep't of Defense, 984 F.2d 370, 374 (10th Cir.1993). "If there is an important public interest in the disclosure of information and the invasion of privacy is not substantial, the private interest in protecting the disclosure must yield to the superior public interest." Alirez v. NLRB, 676 F.2d 423, 426 (10th Cir.1982). If, however, the public interest in the information is "virtually nonexistent" or "negligible," then even a "very slight privacy interest would suffice to outweigh the relevant public interest." FLRA, 510 U.S. at 497, 500, 114 S.Ct. 1006. "[E]ven a 'minimal' privacy interest … outweighs a nonexistent public interest." Dep't of Defense, supra, 984 F.2d at 375 (emphasis added)."

3

It is believed that this party has shown that ""[E]ven a 'minimal' privacy interest ... outweighs a nonexistent public interest." Dep't of Defense, supra, 984 F.2d at 375 (emphasis added)." And that the request should be construed as not unusual but in the interest of justice.

As to the court's concerns as to my name being placed as part of the petition, I would also ask that the exception be recognized as a matter of law. My name is placed on the arbitration agreement, I am a party to that agreement, and as being a party to that agreement, having my name removed from the caption does not in any way preclude my person from being listed as a Doe. Often times, parties are listed as Jane and or John Doe and then named within the presentment, however, this party concedes that the request for the matter to be concealed for the privacy and national interests of the nation would satisfy the issues of the protecting of the petitioner's interest and name respecting the amount of the award and the possibility of extortion, coercion, harm, and/or undue attention being brought in the light thereof.

Six Prongs of requesting this filing under seal pursuant to Hardaway v. D.C. Hous. Auth., 843 F.3rd 973, 980 (D.C. Cir. 2016), United States v. Hubbard, 650 F.2nd 293 (D.C. Cir. 1980) In support of this filing, plaintiff will use the added exhibit support of PRIVATE LAW 114-31—DEC. 3, 2016, attached hereto:

1. The need for public access to the document at issue: This filing and the information contained herein is a private matter between the parties stated and settled in arbitration contract and codified in law.
2. The extent of previous public access to the documents: There has never been any public access to the arbitration process nor the codified law.
3. The fact that someone has objected to disclosure, and the identity of that person: Congress in creating and codifying the above referenced law, specifically within all section mas, created the private law to maintain secrecy and nondisclosure.
4. The strength of any property and privacy interests asserted: Congress in asserting itself into the matter of arbitration and contract strengthens the conclusion of protecting all parties' rights of property and privacy.
5. The possibility of prejudice to those opposing disclosure: As this matter, taken up by Congress, can be construed as a national security threat, if disclosed, then it poses no threat to any outside public party for maintaining its non-disclosure.
6. The purposes for which the documents were introduced during the judicial proceedings: The documents were introduced to the judicial proceedings to ask for a required confirmation of this private matter of arbitration and codification.

Five factors of requesting this filing proceed pseudonymously pursuant to FED. R. CIV. P. 5.2 (e)(1), and In Re Sealed Case, 971 F3d at 96, 97. For the same supporting documents and facts above, plaintiff addresses this request:

1. Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of (a) sensitive and

4

highly personal nature: Congress addresses this within the codification of the private law that the issue at hand concerning plaintiff (PL 114-31 section 1 (a)(4)(B) and section 6 (e)(4) as to being sensitive and highly personal.
2. Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or [,] even more critically, to innocent non-parties: The matter at hand can cause irreparable harm to all parties, thus possibly causing the respondent party to retaliate against the requesting party and its beneficiaries an innocent non-party.
3. The ages of the persons whose privacy interests are sought to be protected: Though there are non-party beneficiaries (children in the requesting party's family) that can be affected by not being anonymous, the age of our country's democracy should be considered, as it may be affected by disclosing plaintiff's name.
4. Whether the action is against a governmental or private party: and relatedly: This action is against our country's policies and practices as accepted as troublesome in arbitration and codified in law.
5. The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously: This action, if allowed to proceed anonymously, would not be unfair to the respondent party. As a matter of fact, and law, it would be appropriate and fair to proceed anonymously.

This petitioner believes that he has thoroughly addressed the factors that the court has given less than 6 days to respond, not taken into consideration mailing time to my person, from the court and from my person to the court and also notification of the other party.

The aforementioned is wholly accurate and presented to the court on this day as witnessed by them before God under penalty, so help me God. 11/15/2022

Respectfully Submitted

Demetriues Jermaine Hawkins